UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01971-JDE | Date | February 17, 2026 |
|---|---|---|---|
| Title | Kinsale Insurance Company v. Fresh Farms E-Liquid, LLC | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**    (In Chambers) Order to Show Cause re Sanctions Including Dismissal for Failure to Prosecute and Failure to Comply with a Court Order

On September 3, 2025, Kinsale Insurance Company ("Plaintiff") filed a Complaint against Fresh Farms E-Liquid, LLC ("Defendant"). Dkt. 1 ("Complaint"). The parties stipulated to extend Defendant's time to respond to the Complaint three times. Dkt. 11, 12, 14. Thereafter, on December 4, 2025, the Court granted the parties' Stipulation to Stay Proceedings for 30 days and stayed all deadlines in the action for thirty days, directing Plaintiff to file a Status Report within 30 days. Dkt. 21. On January 6, 2026, Plaintiff filed a request for an extension of the stay until January 16, 2026. Dkt. 22 ("First Request"). On January 12, 2026, the Court granted the First Request. Dkt. 23. On January 26, 2025, Plaintiff filed a Second Request for Extension of the Stay, until January 30, 2026. Dkt. 24 ("Second Request"). The same day, the Court granted the Second Request, continued the stay in the action until "January 30, 2026, and ordered Plaintiff "to file a Status Report by that day." Dkt. 25 ("Order").

Despite two extensions and despite being ordered to file a Status Report by January 30, 2026, Plaintiff did not do so, leaving the case and the stay in limbo. As of the date of this order, Plaintiff still has not filed a Status Report or any other filing in the action since the entry of the Order.

Under Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"), if a plaintiff fails to prosecute an action or fails to comply with a court order, the action may be dismissed. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999).

Plaintiff is ORDERED TO SHOW CAUSE, in writing, within 7 (seven) days from the date of this order to show cause why sanctions, including monetary sanctions and/or dismissal, should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01971-JDE | Date | February 17, 2026 |
|---|---|---|---|
| Title | Kinsale Insurance Company v. Fresh Farms E-Liquid, LLC | | |

not be imposed under Rule 41(b) and the Court's inherent authority for Plaintiff's failure to comply with the Order by failing to file a Status Report as required by the Order within the time required by the Order.

IT IS SO ORDERED.

Initials of Courtroom
Deputy

ARO