JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

KINSALE INSURANCE COMPANY, an Arkansas corporation,

Plaintiff,

v.

FRESH FARMS E-LIQUID, LLC, a California limited liability company,

Defendant.

Case No.  8:25−cv−01971−JDE

**JUDGMENT**

Having considered the Stipulation of plaintiff Kinsale Insurance Company ("Kinsale") by and through its counsel and defendant Fresh Farms E-Liquid, LLC ("Fresh Farms") by and through its counsel and its managing member, Curtis Ray (Dkt. 29) and GOOD CAUSE APPEARING THEREFOR IT IS HEREBY ADJUDGED AND DECREED as follows:

/ / /

1

1.    Plaintiff Kinsale shall have final Judgment as to the First through Seventh Claims for Relief, to wit:

A.    Kinsale has no and never had a duty to defend Fresh Farms or any other person or entity who qualifies as an "insured" under Kinsale Electronic Cigarette Commercial General Liability insurance policy, No. 0100313084-0 for the policy period July 17, 2024 to July 17, 2025 (the "Primary Policy") with regard to an underlying lawsuit styled *Jane Doe v. Gary McCreight dba The Smoking Caterpillar and Fresh Farms E-Liquid, LLC*, Travis County Texas, 353rd District Court Case No. D-1-GN-25-004221 (the "Doe Action");

B.    Kinsale has no and never had a duty to defend Fresh Farms or any other person or entity who qualifies as an "insured" under Kinsale Commercial Excess Liability Policy No. 0100349711-0 for the policy period of February 3, 2025 to July 17, 2025 (the "Excess Policy") with regard to the Doe Action;

C.    Kinsale has no and never had a duty to indemnify Fresh Farms or any other person or entity who qualifies as an "insured" under the Primary Policy with regard to the Doe Action or to pay any settlement or satisfy any Judgment which may be rendered in the Doe Action;

D.    Kinsale has no and never had a duty to indemnify Fresh Farms or any other person or entity who qualifies as an "insured" under the Excess Policy with regard to the Doe Action, or to pay any settlement satisfy any Judgment which may be rendered in the Doe Action;

2.    Kinsale shall have final Judgment as to the Eighth Claim for Relief for reimbursement of defense fees and costs expended to defend Fresh Farms in the Doe Action through the date of this Judgment, but has waived recovery, such that its relief shall be prospective only, and therefore Kinsale shall take nothing as to said Claim for Relief;

2

3.     Upon entry of this Judgment, Kinsale may cease payment of attorney's fees and costs to defend Fresh Farms against the Doe Action;

4.     Upon entry of this Judgment, Kinsale may withdraw from the defense of Fresh Farms against the Doe Action;

5.     Upon entry of this Judgment, Fresh Farms shall execute and deliver to counsel appointed by Kinsale to defend the Doe Action all such documents which are necessary and sufficient to allow said counsel to withdraw from such representation.

6.     This Judgment is limited solely to the Doe Action and shall have no preclusive or evidentiary effect in any other proceeding

7.     Each of the Parties has expressly waived the right to appeal;

8.     Each of the Parties shall bear its own attorney's fees and costs through the date of entry of this Judgment.

DATED:__March 3,_____, 2026

_____
JOHN D. EARLY
United States Magistrate Judge